**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 03 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL ANDERSON, on behalf of himself and all others similarly situated,

Plaintiff - Appellant,

v.

HSBC BANK NEVADA, N.A.,

Defendant - Appellee.

No. 12-56891

D.C. No. 2:09-cv-04271-DDP-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted February 14, 2014[**]
Pasadena, California

Before: FARRIS, N.R. SMITH, and WATFORD, Circuit Judges.

**1.** The district court correctly dismissed Anderson's complaint for failure to state a claim under Nevada Revised Statutes § 97A.140(4). That section's notice and opportunity-to-avoid provisions are triggered only if a credit card issuer

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

unilaterally changes a term or condition that adversely affects or increases the cost to the cardholder of using the credit card. Nev. Rev. Stat. § 97A.140(4)(a), (b). Here, Anderson's "Cardmember Agreement" with HSBC Nevada, N.A. (HSBC) entitled him to a promotional interest rate unless he defaulted on his payments; in that event, Anderson agreed that HSBC could increase his interest rate up to a default rate. When Anderson defaulted, HSBC increased his interest rate up to the agreed-upon default rate, per the terms of the Agreement. HSBC thus applied, rather than unilaterally changed, an agreed-upon term or condition. Accordingly, the district court correctly held that § 97A.140(4) did not require HSBC to provide Anderson with further notice or an opportunity to avoid the additional charges.

**2.** The district court also correctly held that § 97A.140(4)(b) is preempted by the National Bank Act and its implementing regulations. *See* 12 U.S.C. § 21 *et seq.*; 12 C.F.R. § 7.4008. Anderson does not challenge the district court's holding that § 97A.140(4)(a) is preempted, so the only question before us is whether subsection (4)(b) is divisible from subsection (4)(a) for preemption purposes. It is not. The two provisions are explicitly joined by a conjunctive "and," and the right to avoid a change under subsection (4)(b) depends on receiving advance notice of the change under subsection (4)(a). We agree with the district court that the most logical reading of the statute is that it aims to allow cardholders to avoid the

imposition of adverse new terms after receiving the prescribed 30 days' notice, rather than to seek refunds after the fact.

**AFFIRMED.**